## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

BAYVIEW LOAN SERVICING LLC,              )
                                         )
        **Plaintiff,**          )
                                         )
        v.                     )     Civil Action No. 2013-0006
                                         )
THOMAS CURRAN and                        )
CHERIE CURRAN,                           )
                                         )
        **Defendants.**         )
_____)

**Attorneys:**
**A. Jennings Stone, Esq.,**
**Adam N. Marinelli, Esq.,**
St. Thomas, U.S.V.I.
    *For Plaintiff*

**Pamela I. Colon, Esq.,**
St. Croix, U.S.V.I.
    *For Defendants*

## **MEMORANDUM OPINION**

THIS MATTER comes before the Court on the requests for jurisdictional discovery made by Plaintiff Bayview Loan Servicing LLC ("Bayview") in its Opposition to the "Motion to Dismiss, or in the Alternative, a More Definitive Statement" filed by Defendants Thomas Curran and Cherie Curran ("Defendants" or the "Currans") (Dkt. No. 20) and its Opposition to the "Motion to Dismiss of Thomas Curran" (Dkt. No. 39).[1] In the Motions to Dismiss, Defendants argue, *inter alia,* that Bayview has not established that the Court has subject matter jurisdiction over this action. In its Oppositions, Bayview has asked the Court to permit it to conduct jurisdictional discovery to determine Mr. Curran's state of citizenship for purposes of diversity

---

[1] On January 23, 2015, the Court entered an Order substituting Bayview Loan Servicing, LLC for Flagstar Bank, FSB as Plaintiff in this action. (Dkt. No. 47). Accordingly, notwithstanding that most of the litigation thus far occurred when Flagstar was Plaintiff, the Court will refer to the Plaintiff throughout as Bayview.

jurisdiction. For the reasons that follow, the Court will construe Bayview's requests for jurisdictional discovery as Motions for Jurisdictional Discovery and grant the Motions.

## I.   PROCEDURAL BACKGROUND

On January 10, 2013, Bayview filed a Complaint against Thomas Curran and Cherie Curran alleging causes of action for debt and foreclosure of real property mortgage. (Dkt. No. 1). Bayview alleged that Thomas Curran was a citizen of the Virgin Islands for diversity purposes, and that Cherie Curran was "a citizen of  for diversity purposes"—omitting Cherie Curran's state of citizenship. (Dkt. No. 1, ¶¶ 2, 3).

The summons issued on January 11, 2013. (Dkt. Nos. 2-5). The process server served Cherie Curran personally at a Fort Lauderdale, Florida address (the "Florida address"). She accepted service for herself and Thomas Curran and the summonses were returned executed in March 2013. (Dkt. Nos. 9, 10). Defendants subsequently filed a Motion to Dismiss on April 30, 2013. (Dkt. No. 15).

Among the issues the Currans raised in the Motion to Dismiss was the issue of subject matter jurisdiction. Defendants stated that it was "erroneously alleged" in the Complaint that Thomas Curran was a citizen of the Virgin Islands, and that the Complaint "fail[ed] to allege the citizenship of Defendant Cherie Curran at all." (Dkt. No. 15 at 3). Defendants claimed that the Florida address was "the usual abode of Cherie Curran and she was served there," and that the Summons and Complaint were also served upon Cherie Curran at that address for Thomas Curran, but Thomas Curran has not lived at that address in over two years. *Id.*

Defendants cited an attached Affidavit of Cherie Curran in which she stated that, while she received the Summons and Complaint for Thomas Curran at the Florida address, he had not resided there for over two years, and that she is "not Thomas Curran's authorized agent or attorney in fact for purpose of acceptance of service of summons." (Dkt. No. 16-1, ¶ 6). She

acknowledged that Thomas Curran "did at one time reside with me" at the Florida address. *Id.* ¶ 5. She also added that Thomas Curran is not a citizen of the Virgin Islands, does not reside there, and did not reside or maintain citizenship there on the date she was served with the Summons and Complaint (February 6, 2013). *Id.* ¶ 8.

Bayview filed an "Unopposed Motion for Service by Publication and Unopposed Motion for Extension of Time to Serve Process." (Dkt. No. 17). Bayview asserted that the Summons and Complaint had been left at the Florida residence that it had on file as Mr. Curran's dwelling or usual place of abode; that Mrs. Curran accepted service on behalf of Mr. Curran, and did not inform the process server that Mr. Curran did not live at that address when she accepted service; and that Defendants did not provide Mr. Curran's current address. *Id.* Bayview stated that it unsuccessfully tried to serve Thomas Curran at the Virgin Islands address; and that its counsel spoke with Attorney Colon and asked her to accept service on behalf of Mr. Curran, but she responded that "Mr. Curran did not authorize her to accept service of process on his behalf." *Id.* at 3. The Magistrate Judge of this Court, the Honorable George W. Cannon, Jr., denied Bayview's motion without prejudice, stating that Bayview had not made sufficient inquiries to locate Thomas Curran and had not demonstrated that service by publication in the Ft. Lauderdale area would provide him notice. (Dkt. No. 19).

Subsequently, Bayview filed an Opposition to Defendants' Motion to Dismiss. (Dkt. No. 20). It argued, *inter alia*, that diversity jurisdiction existed because Bayview is a citizen of Michigan for diversity purposes, and that although it inadvertently omitted from the Complaint the state where Cherie Curran resides, "Defendants concede that she resides in Florida." *Id.* at 4. As to Mr. Curran, Bayview asserted that although Defendants claimed that Mr. Curran was neither a citizen of the Virgin Islands nor of Florida, he did not argue that he lived in Michigan when the Complaint was filed, and therefore diversity jurisdiction existed. *Id*. at 4-5. Bayview

3

requested, in the alternative, that the Court permit it to serve Mr. Curran with discovery to obtain his address or hold a hearing to determine where he resided when Bayview filed its Complaint. *Id* at 5.

On June 21, 2013 Bayview filed a second "Motion for Service by Publication and Motion for Extension of Time to Serve Process," detailing the efforts it had made in attempting to locate Mr. Curran for the purpose of serving him—including an Accurint search and hiring a private investigator. (Dkt. No. 23). Magistrate Judge Cannon granted the motion, which Defendants did not oppose. (Dkt. No. 26). Bayview submitted proof of publication in New Jersey and Florida newspapers. (Dkt. No. 36).[2]

On August 29, 2013, Thomas Curran filed a Motion to Dismiss pursuant to Rules 12(b)(1) and (5). (Dkt. No. 38). He claimed that Bayview's attempts to serve him, and Cherie Curran's affidavit, have established that he is not a citizen of the Virgin Islands, Florida, or New Jersey, and that Bayview cannot establish complete diversity. *Id.* Bayview filed an Opposition, arguing that Thomas Curran's motion should be denied but, in the alternative, that it should be permitted to serve him with jurisdictional discovery. (Dkt. No. 39).

## II. DISCUSSION

Defendants argue that the Court lacks subject matter jurisdiction over this action because Bayview has not established Thomas Curran's citizenship when the Complaint was filed.

---

[2] Bayview then filed a Motion to Amend the Complaint. (Dkt. No. 34). Bayview sought to amend the Complaint to allege the citizenship of Thomas and Cherie Curran as Florida, and to make some other minor changes. (Dkt. No. 34-2). Defendants opposed the Motion to Amend, claiming *inter alia*, that the allegation that Thomas Curran was a citizen of Florida was contrary to Cherie Curran's affidavit and Bayview's Summons for service on him in New Jersey. (Dkt. No. 35). Defendants argued that complete diversity was not established, reiterated other issues raised in their Motion to Dismiss, and claimed that amendment of the Complaint would be futile. *Id.* Magistrate Judge Cannon denied the Motion to Amend without prejudice because Bayview had not filed a proposed Amended Complaint with the Motion to Amend pursuant to the Local Rules. (Dkt. No. 37). Bayview never re-filed the Motion.

4

The statute governing diversity jurisdiction gives federal courts original jurisdiction of all civil actions "between . . . citizens of different States" where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. "A party's citizenship is determined by [his] domicile, and 'the domicile of an individual is his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning.'" *Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011) (quoting *McCann v. Newman Irrevocable Trust,* 458 F.3d 281, 286 (3d Cir. 2006)).

"The burden of establishing federal jurisdiction rests with the party asserting its existence." *Lincoln Beneficial Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015). Diversity jurisdiction is to be determined based on relevant facts at the time the complaint is filed. *Frett-Smith v. Vanterpool*, 511 F.3d 396, 400-01 (3d Cir. 2008) "'A party generally meets this burden by proving diversity of citizenship by a preponderance of the evidence.'" *Freidrich v. Davis,* 767 F.3d 374, 377 (3d Cir. 2014) (quoting *McCann*, 458 F.3d at 286). "A failure of complete diversity . . . contaminates every claim in the action" and deprives the court of jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 564 (2005).

Thomas Curran's Motion to Dismiss specifically challenges subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). (Dkt. No. 38).[3] "Challenges to subject matter jurisdiction under Rule 12(b)(1) may be facial or factual. A facial attack 'concerns an alleged pleading deficiency' whereas a factual attack concerns the actual failure of [a plaintiff's] claims to comport [factually] with the jurisdictional prerequisites.'" *Lincoln Ben. Life Co.,* 800 F.3d at 105 (quoting *CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008)). "'In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached

---

[3] The Motion to Dismiss filed by Thomas and Cherie Curran (Dkt. No. 15) does not cite the applicable Federal Rule of Civil Procedure, but may be construed as raising a Rule 12(b)(1) challenge.

thereto, in the light most favorable to the plaintiff.' By contrast, in reviewing a factual attack, 'the court must permit the plaintiff to respond with rebuttal evidence in support of jurisdiction, and the court then decides the jurisdictional issue by weighing the evidence. If there is a dispute of a material fact, the court must conduct a plenary hearing on the contested issues prior to determining jurisdiction.'" *Id.* (quoting *McCann*, 458 F.3d at 290).

Defendants here have challenged the factual existence of jurisdiction through the April 30, 2013 affidavit of Cherie Curran and the various arguments raised in the Motions to Dismiss. Although the Complaint alleged that Thomas Curran was a citizen of the Virgin Islands for diversity purposes, Cherie Curran controverted that allegation in her affidavit by averring that "Thomas Curran is not a citizen of the United States Virgin Islands, does not reside there and did not reside or maintain citizenship there on February 6, 2013 [the day she was served with the Complaint]." (Dkt. No. 16-1, ¶ 8). Mrs. Curran also stated that Thomas Curran resided at one time at the Florida address, but he had not resided there in over two years and had not resided there on February 6, 2013. *Id.* ¶ 5.

Because the Court's jurisdiction has been put in issue, based on a dispute of material fact raised by Defendants regarding the issue of Thomas Curran's citizenship, the Court will construe Bayview's requests for jurisdictional discovery as motions requesting such relief, and will grant those motions. *See Pedrick v. United States Virgin Islands,* 2010 WL 4027807, at *2 (D.V.I. Oct. 13, 2010) ("When a defendant presents a factual attack to subject matter jurisdiction, as Defendants have done here, the plaintiff should 'be given an ample opportunity to secure and present evidence relevant to the existence of jurisdiction.'") (quoting *Gould, Inc. v. Pechiney Ugine Kuhlmann,* 853 F.2d 445, 451 (6th Cir. 1988), *overruled on other grounds by Rep. of Argentina v. Weltover, Inc.*, 504 U.S. 607, 618 (1992)), and citing *Fed. Ins. Co. v. Richard I. Rubin & Co., Inc.*, 12 F.3d 1270, 1284 (3d Cir. 1993) (finding that preliminary question of

6

subject matter jurisdiction was an issue for which "the parties should be granted a fair opportunity to engage in jurisdictional discovery so as to adequately define and submit to the court facts necessary for a thorough consideration of the issue.")); *Lincoln Ben. Life Co.,* 800 F.3d at 105 (observing if defendants had challenged the factual existence of jurisdiction, plaintiff would have been required to prove diversity by a preponderance of the evidence after discovery); *see id.* at 102 ("If the defendant. . . mounts a factual [rather than facial] challenge, the plaintiff is entitled to limited discovery for the purpose of establishing that complete diversity exists.").

### III.   CONCLUSION

Based on the foregoing, the Court will grant Bayview's Motions for Jurisdictional Discovery. Bayview will be permitted to conduct discovery on the issue of Thomas Curran's citizenship when the Complaint was filed. Discovery shall be completed by **February 15, 2016**. Plaintiff shall then have up to and including **February 29, 2016,** within which to supplement the subject matter jurisdictional sections of its Oppositions to Defendants' Motions to Dismiss; and Defendants shall have up to and including **March 14, 2016**, within which to supplement their Replies on the subject matter jurisdiction issue.

An appropriate Order accompanies this Memorandum Opinion.

Date: December 15, 2015 _____/s/_____
WILMA A. LEWIS
Chief Judge