**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| BAYVIEW LOAN SERVICING, LLC,<br><br>                        Plaintiff,<br><br>    v.<br><br>THOMAS CURRAN and CHERIE CURRAN,<br><br>                        Defendants.<br>_____ | 1:13-cv-00006 |

TO:     Matthew R. Reinhardt, Esq.
           Pamela Lynn Colon, Esq.

## MEMORANDUM OPINION[1]

THIS MATTER is before the Court upon Defendants' Motion to Dismiss, or[,] in the alternative, a More Definitive Statement (ECF No. 15) and Defendant Thomas Curran's Motion to Dismiss (ECF No. 38). Plaintiff filed an opposition to Defendants' motion (ECF No. 20), and Defendants filed a reply in support of their motion (ECF No. 28). Plaintiff also filed an Opposition to Thomas Curran's Motion to Dismiss (ECF No. 39), and said Defendant filed a reply in support of his motion (ECF No. 41). After being granted time to conduct jurisdictional discovery, *see* Order (ECF No. 54), Defendants filed a notice acknowledging that diversity jurisdiction has been established. *See* ECF No. 63. These motions are ripe for adjudication.

---

[1] The undersigned issues this opinion pursuant to the Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (ECF No. 83) executed by the parties, and the Order Referring Case to Magistrate Judge (ECF No. 84), entered by Chief Judge Wilma A. Lewis.

In their joint motion, Defendants assert that the Complaint: 1.) fails to establish subject matter jurisdiction, 2.) fails to establish personal jurisdiction over Defendant Thomas Curran, 3.) fails to state a cause of action, and 4.) fails to name indispensable parties. Mot. at (ECF No. 15) at 3-15. They also contend that a more definitive statement is required before they can answer the Complaint. *Id*. at 15-16.

Plaintiff argues that diversity jurisdiction exists because Plaintiff is a citizen of Michigan; that, although it had inadvertently omitted the name of the state where Cherie Curran resides, Defendants have conceded that she resides in Florida; and, that Thomas Curran did not argue he lived in Michigan when the Complaint was filed and, therefore, that diversity jurisdiction had been established. Opp'n (ECF No. 20) at 3-6. It also asserts that the Court has personal jurisdiction over Thomas Curran. *Id.* at 6-9. In the alternative, Plaintiff requests that it be allowed to cure any deficiency of service of process upon Thomas Curran. *Id*. at 8-9. In addition, Plaintiff argues that the Complaint states claims for debt and foreclosure of real property mortgage, that MERS is not an indispensable party, and that the Court should deny Defendants' motion for a more definite statement. *Id*. at 10-16.

Thomas Curran filed a separate Motion to Dismiss (ECF. No. 38), wherein he claims that Plaintiff's attempts to serve him establish that he is not a citizen of the Virgin Islands, Florida, or New Jersey; that Plaintiff cannot establish complete diversity; and, that subject matter jurisdiction does not exist over the Complaint. Mot. (ECF No. 38) at 1-3. Plaintiff

counters that Mr. Curran was properly served and that it has established diversity jurisdiction. *See* Opp'n (ECF No. 39) at 3-4.

I. **BACKGROUND**

On January 10, 2013, then-Plaintiff, Flagstar Bank, FSB (Flagstar),[2] filed a Complaint (ECF No. 1) against Defendants, Thomas Curran and Cherie Curran, alleging causes of action for debt and foreclosure of real property mortgage. According to the Complaint, Defendants are the titleholders of record to real property (the Property), described as:

> Plot No. 7 of Estate Mary's Fancy, Queen Quarter, St. Croix, consisting of 0.8688 US acre, more or less, as more fully shown on OLG Drawing No. 4792-A dated August 25, 1992.

Compl. (ECF No. 1) at para. 6. Plaintiff alleges that, on December 8, 2004, Thomas Curran executed and delivered to Flagstar a promissory note (the Note), by which he was obligated to pay the principal amount of $217,500.00, together with interest at a rate of 5.875% per annum, in consecutive monthly installments of $1,286.59 beginning on February 1, 2005. *Id.* at paras. 7-8. To secure payment of the Note, Defendants granted to Flagstar and to Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for Flagstar and its successors and assigns, a first-priority mortgage (the Mortgage) over the Property, also dated December 8, 2004, which provides that Defendants would pay the payments due under the Note. *Id.* at paras. 9-10.

---

[2] In January 2015, Bayview Loan Servicing, LLC, as successor-in-interest to Flagstar Bank, FSB, was substituted for Flagstar as Plaintiff in this matter. *See* Order, ECF No. 47, entered January 23, 2015.

Plaintiff further alleges that, on June 1, 2012, Thomas Curran defaulted under the terms and conditions of the Note and that Defendants defaulted under the terms and conditions of the Mortgage by failing to pay monthly installments of principal, interest, and other charges as they became due. *Id*. at paras. 11-12. Plaintiff gave notice of the default to Thomas Curran by correspondence dated July 16, 2012, advising him that failure to cure the default would result in acceleration of the debt and foreclosure of the Mortgage. *Id*. at para. 13. As of the date the Complaint was filed, the default had not been cured; and, pursuant to the terms of the Note and the Mortgage, Plaintiff elected to declare the principal sum with unpaid accrued interest immediately due and payable. *Id*. paras. 14-16. In addition, on October 18, 2012, MERS, for itself and as nominee for Flagstar, assigned its entire interest in the Property to Flagstar. *Id*. at para. 17.

Plaintiff also asserts that it has possession of the Note and is holder of the Mortgage, thereby entitling it to maintain the foreclosure action; that Defendants are in default under the terms of the Mortgage; and that Flagstar is entitled to foreclose its Mortgage lien on the Property, sell it to satisfy the Note, and recover any deficiency from Thomas Curran. *Id*. at paras. 26-28.

Plaintiff seeks, *inter alia*, judgment that Thomas Curran is indebted to Plaintiff in the total amount of $195,460.56 as of September 7, 2012, and that it be reimbursed for all additional interest, costs, expenses, and attorney's fees it incurs as a result of the breach of the Note and the Mortgage. It also seeks judgment that the mortgage lien of Plaintiff and all

inferior liens be foreclosed, that the Property be sold, that it be paid all amounts due on the Note from the proceeds of the sale, and, that judgment be entered against Thomas Curran for any deficiency that may remain. *Id*. at 5.

Defendant Cherie Curran was personally served with copies of the Summons and Complaint on February 6, 2013, in Florida. *See* Return of Service (ECF No. 10) and attachments. She also accepted service on behalf of her husband, Defendant Thomas Curran. *See* Return of Service (ECF No. 9) and attachments. On February 20, 2013, Pamela Lynn Colon, Esq., filed a notice of appearance on behalf of Defendants. *See* ECF No. 6. In December 2015, the Court ordered jurisdictional discovery on the issue of Thomas Curran's citizenship, after which the parties were directed to supplement the subject matter jurisdiction sections of their filings. *See* Order (ECF No. 54) and Memorandum Opinion (ECF No. 55). Subsequently, Plaintiff filed a memorandum in which it summarized the multi-year history of Thomas Curran's challenge to diversity jurisdiction and stated that, in June 2016, Thomas Curran's counsel advised that Mr. Curran was a resident and citizen of New Jersey and accepted service of the Complaint by email on behalf of Mr. Curran. Plaintiff's Memorandum of Law Concerning Diversity Jurisdiction (ECF No. 62) at 4. Two weeks later, Defendants filed their Notice of Defendants' Acknowledgment that Plaintiff Has Established Diversity Jurisdiction (ECF No. 63).

## II. <u>**DISCUSSION**</u>

Given that the question of subject matter jurisdiction has been settled and Defendants' counsel has accepted service on behalf of Thomas Curran, the diversity jurisdiction and service issues that formed the basis of Thomas Curran's Motion to Dismiss (ECF No. 38) have been rendered moot, as have the jurisdiction and service issues raised in the initial Motion to Dismiss (ECF No. 15). The Court, therefore, will address only the remaining issues raised by Defendants in their initial motion.[3]

### A. **Failure to State a Claim**

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) "may be granted only if, accepting all well-pleaded allegations as true and viewing them in the light most favorable to the plaintiff, a court finds that plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F. 3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Thus, the "allegations must have 'facial plausibility,' meaning that 'the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Castleberry v. STI Group*, 863 F.3d 259, 263 (3d Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted)). Although the Court must accept well-pleaded facts as true, it need not "'accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation.'" *Morrow v. Balaski*, 719 F.3d 160, 165

---

[3] All references and citations to Defendants' motion, hereinafter, are to Defendants' Motion to Dismiss, or[,] in the Alternative, a More Definite Statement (ECF No. 15).

(3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F. 3d 187, 195 (3d Cir. 2007) (citations and internal quotation marks omitted)). The defendant "bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F. 3d 744, 750 (3d Cir. 2005) (citation omitted).

Defendants raise three arguments in support of their contention that the Complaint fails to state a claim. First, they assert that the Complaint fails to allege a claim for breach of contract and, because the Complaint did not recite the elements of that cause of action, dismissal is required. Mot. at 8-9. Plaintiff agrees that Flagstar did not state a claim for breach of contract; it stated other claims, specifically, debt and foreclosure of real property mortgage. Opp'n at 11.

The Court rejects Defendants' first argument. If Plaintiff, as master of its complaint, has asserted particular causes of action, namely, debt and foreclosure, then it is not a valid defense for Defendants to allege that Plaintiff has failed to state a claim for a different, unpleaded cause of action, such as, breach of contract.

Second, citing Connecticut state law, Defendants assert that the foreclosing party must establish that it is the "owner" of the Note and Mortgage, but that the Complaint alleges that Plaintiff is the "mere 'holder' of the Mortgage and only that it has possession, not ownership, of the Note." Mot. at 9-10. Defendants posit that, "by claiming to merely have possession of the Note, Plaintiff has effectively conceded that it is not the 'owner' of

the note [sic]." *Id*. at 11.⁴  Therefore, Defendants conclude, the "Complaint does not state a cause of action upon which relief can be granted and must be dismissed." *Id*.  They add that the "UCC confirms th[at] being a 'holder' or a 'possessor' of an instrument does not establish ownership." *Id*. at 10 (citing "UCC, Section 301").⁵

In order to succeed on debt and foreclosure causes of action in the Virgin Islands, a plaintiff must establish that "'(1) the debtor executed a promissory note and mortgage, (2) the debtor is in default under the terms of the note and mortgage, and (3) the lender is authorized to foreclose on the property mortgaged as security for the note." *Carrillo v. Citimortgage, Inc.*, 63 V.I. 670, 674 (V.I. 2015) (quoting *Anthony v. FirstBank Virgin Islands,* 58 V.I. 224, 232 (V.I. 2013) (citing *Thompson v. Florida Wood Treaters, Inc.*, 52 V.I. 986, 995 (D.V.I. 2009))).⁶

---

⁴The Court notes that one of the cases Defendants cite in support of this distinction between "owner" and "holder," *Bankers Trust Co. of Calif., N.A. v. Vaneck,* 899 A.2d 41 (Conn. App. 2006), appears to use the term interchangeably.  For example, the appellate court agreed with the trial judge that "the plaintiff had standing to enforce the defendants' mortgage note on three documents that, the court found, established that the plaintiff had become the *holder* of the note . . . ." *Id*. at 42 (emphasis added).  In addition, that case and the other two cases Defendants cite to support their pronouncement that a "mere holder of the note cannot foreclose on a mortgage," Mot. at. 10, *New England Savings Bank v. Bedford Realty Corporation*, 680 A. 2d 301 (1996), and *Fleet Nat'l Bank v. Nazareth*, 818 A.2d 69, 71 (Conn. App. 2003), are inapplicable to the facts at bar since Plaintiff holds and/or possesses both the Note and the Mortgage and is proceeding to recover the debt on the Note and to foreclose the Mortgage.

⁵ This is an incorrect statement of the law.  Uniform Commercial Code Section 3-301, titled, "Person Entitled to Enforce Instrument," permits "[(i)] *the holder of the instrument*, (ii) a nonholder in possession of the instrument who has the rights of a holder, or (iii) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to Section 3-309 or 3-418(d) . . . ." to enforce a note. UCC § 3-301 (emphasis added).  The provision goes on to say that "*[a] person may be a person entitled to enforce the instrument even though that person is not the owner of the instrument or is in wrongful possession of the instrument.*" *Id*. (emphasis added).  Thus, the UCC explicitly does not require a party to own the original note in order to enforce it.  Moreover, UCC § 1-201 defines a "holder" as "[t]he person *in possession of* a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession . . . ." UCC § 1-201(b)(21)(A) (emphasis added).

⁶ All three cases—*Carrillo, Anthony,* and *Thomas*—set forth the three elements for debt and foreclosure claims

Here, Plaintiff alleges: 1.) Thomas Curran executed and delivered the Note to Flagstar and that Defendants granted to Flagstar and MERS, as nominee for Flagstar, a first priority Mortgage, Compl. at paras. 7, 9; 2.) Thomas Curran defaulted under the terms and conditions of the Note and Defendants defaulted under the terms and conditions of the Mortgage, *id*. at paras. 11, 12; and, 3.) Plaintiff is entitled to collect all sums due under the Note from Thomas Curran and that it has possession of the Note and is holder of the Mortgage, thereby entitling it to maintain the foreclosure action—*i.e.,* it is authorized to foreclose on the property mortgaged as security for the Note, *id*. at paras. 21, 26.  The Court finds that these allegations provide a sufficient factual basis, with sufficient facial plausibility, under both Federal Rules of Civil Procedure Rules 8[7] and 12(b)(6) for the Court to draw a "reasonable inference that [Defendants are] liable for the misconduct alleged" in this debt and foreclosure action, *Castleberry*, 2017 WL 2990160, at *1, and that Defendants have been provided with "the requisite fair notice of the claims against them." *Bolick v. Northeast Indus. Svcs. Corp.,* 666 F. App'x 101, 104 (3d Cir. 2016).  Moreover,

---

in describing what a plaintiff must establish to "prevail" on a motion for summary judgment, on the merits; the cases do not address what a plaintiff must allege in order for a complaint to state a claim for debt and foreclosure.  However, in *Clearview Fin. Servs., LLC v. Jim Tillett Caribbean, Inc.*, 2015 WL 5598922 (V.I. Sept. 14, 2015), the Superior Court of the Virgin Islands found that a plaintiff had stated a plausible claim for relief in a debt and foreclosure action, pursuant to Fed. R. Civ. P. 8, when it asserted that the borrower had executed the note and mortgage; that the borrower had defaulted under the terms of the note and mortgage; and that the plaintiff held all rights in the mortgage.  *Id*. at *2 (quoting *Anthony v. FirstBank Virgin Islands*, 58 V.I. 224, 232 (V.I. 2011) (citing *Thompson v. Florida Wood Treaters, Inc.,* 52 V.I. 986, 995 (D.V.I.2009)).

[7] Defendants devote an entire section of their motion claiming that the Complaint does not meet Rule 8 pleading requirements.  Mot. at 6-8.  As shown herein, Plaintiff has adequately and sufficiently pleaded claims for debt against Defendant Thomas Curran and foreclosure of a mortgage against Defendants Thomas Curran and Cherie Curran.

Defendants have provided no Virgin Islands statute, rule, or case law prescribing that a plaintiff must invoke its "ownership" of the Note and Mortgage in order to state a claim for debt and foreclosure.[8]

Third, Defendants argue that a mortgage cannot be given separately from a note (again citing Connecticut state law, specifically, two cases from the early 1800s). From that premise, they recite a number of facts, including: that Thomas Curran gave only the Note to Plaintiff while the Mortgage was given by Defendants together to MERS, a separate entity; that there is no debt between Thomas Curran and MERS; that no power of attorney was attached to the Mortgage where Plaintiff allowed MERS to act as its nominee. From those facts they then conclude that MERS, in its own right, not as nominee, purported to take a security interest in the Property and that, since MERS attempted to take a Mortgage on Defendants' home even though it never owned the debt of Thomas Curran, the Mortgage is void as to him and the foreclosure action must be dismissed as to him. Mot. at 12-13. With regard to Cherie Curran, they contend that the "alleged mortgage" created no rights in

---

[8] Defendants raise the same argument—that Plaintiff has not alleged "ownership" of the Note or Mortgage and therefore that the Complaint must be dismissed—in the context of the issue of standing. Mot. at 4-5. In support thereof, they cite New York and Connecticut state law and conclude that, because Plaintiff did not allege ownership of the Note or Mortgage, Plaintiff lacks standing and, consequently, the Court has no subject matter jurisdiction over the Complaint. *Id.* However, *Mortgage Elec. Registration Sys. v. Coakley*, (N.Y. App. Div. 2007), cited by Defendants, states that, *at the time of the commencement of the action*, the entity that was the lawful *holder* of the note and the mortgage had standing to bring the action. *Id.* at 623 (emphasis added). The Complaint here so alleges. *See* Compl. at paras. 17, 26, 28. *See also*, footnote 4 hereinabove regarding the Appellate Court of Connecticut agreeing with the trial court's findings that "plaintiff had standing . . . [based] on three documents that . . . established that the plaintiff had become the *holder* of the note . . . ." *Bankers Trust Co. of Calif., N.A. v. Vaneck,* 899 A.2d 41, 42 (Conn. App. 2006) (emphasis added). Thus, even if New York and Connecticut law were applicable, Plaintiff has established standing.

MERS to enforce any debt against her "because no such debt is alleged to exist to either Plaintiff or MERS" and that the Mortgage is void and unenforceable as to her as well, compelling complete dismissal of the foreclosure claim with prejudice. *Id.* at 13.

Even if Connecticut law was controlling, Connecticut recognizes that a mortgagee

> "is entitled to pursue its remedy at law on the notes, or to pursue its remedy in equity upon the mortgage, or to pursue both. A note and a mortgage given to secure it are separate instruments, executed for different purposes and in this State action for foreclosure of the mortgage and upon the note are regarded and treated, in practice, as separate and distinct causes of action, although both may be pursued in a foreclosure suit."

*New England Sav. Bank v. Bedford Realty Corp.*, 680 A. 2d 301, 309 (Conn. 1996) (quoting *Hartford Nat'l Bank & Trust Co. v. Kotkin*, 441 A. 2d 593, 594 (internal quotation marks omitted)). Moreover, a decided majority of jurisdictions reject the theory that the "'separation, or 'bifurcation,' of a promissory note from a mortgage renders the mortgage void.'" *Galvin v. EMC Mortg. Corp.*, 12-cv-320-JL, 2013 WL 1386614, at *7 (D.N.H. April 4, 2013) (citing *Culhane v. Aurora Loan Servs.,*708 F. 3d 282, 292 (1st Cir. 2013) ("The law contemplates distinctions between the legal interest in a mortgage and the beneficial interest in the underlying debt. These are distinct interests, and they may be held by different parties."); *Pehl v. Countrywide Bank, N.A.,* No. 12 MISC 465911 (RFB), 2013 WL 324278, at *3–4 (Mass. Land Ct. Jan. 29, 2013) ("The splitting of a mortgage and note . . . does not invalidate or otherwise void the mortgage . . . ."); *Greene v. Indymac Bank, FSB,* No. 3:12cv347-DPJ-FKB, 2012 WL 5414097, at *2 (S.D. Miss. Nov. 6, 2012) ("bifurcation" theory "finds no support in [the] law and has been repeatedly discredited"); *Morgan v. Ocwen Loan*

*Servicing, LLC,* 795 F. Supp. 2d 1370, 1375 (N.D. Ga. 2011) ("Separation of the note and security deed . . . does not render either instrument void.")). The Court finds Defendants' argument completely without merit.

### B. Failure to Join an Indispensable Party

The second primary ground for dismissal asserted by Defendants is failure to join an indispensable party. Mot. at 14. "Under Federal Rule of Civil Procedure 12(b)(7) a court may dismiss a complaint for failure to join a party pursuant to Rule 19. Fed. R. Civ. P. 12(b)(7)." *Bank of America, NA v. Prosser*, Civ. No. 12-00008, 2015 WL 1593747, at *2 (D.V.I. Apr. 6, 2015). The *Prosser* court continues, "Rule 19 requires courts to conduct a two-step inquiry to determine whether an action must be dismissed for failure to join a party." *Id*. (citations omitted). The first step is to determine whether an absent party is necessary under Rule 19(a).

> If an absent party is necessary and required to be joined in the action, Rule 19(a)(2) directs the court to order that the absent person be made a party. . . . However, if a party is necessary, but joinder of that party is not feasible (for example because it would destroy complete diversity), then the court proceeds to the second step to determine whether the absent party is indispensable according to the factors in Rule 19(b).

*Prosser*, 2015 WL 1593747, at *2 (citations omitted), *quoted in Phillips v. Firstbank Puerto Rico*, Civ. No. 13-105, 2017 WL 2470235, at *4 (D.V.I. June 2, 2017), *reconsideration denied*, Civ. No. 13-105, 2017 WL 6569096 (D.V.I. Dec. 22, 2017).

Rule 19(a) provides, in pertinent part:

>(1) *Required Party.* A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>>(A) in that person's absence, the court cannot accord complete relief among existing parties; or
>>(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>>>(i) as a practical matter impair or impede the person's ability to protect the interest; or
>>>(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

In the matter at bar, Defendants argue that, because the Mortgage was given to Plaintiff and to MERS as its nominee, but the Note was given only to Plaintiff, MERS is an indispensable party. Mot. at 15. As noted herein, Defendants also maintain that, because MERS owned the mortgage and another entity owned the debt, the entire transaction was a nullity. *Id.* at 14-15.

Apparently, Defendants' position is that the Court cannot accord complete relief among the parties because MERS has an interest in the Property. However, the Court must take the allegation that MERS, for itself and as nominee for Flagstar, assigned its *entire interest* in the Property to Flagstar, Compl. at para. 17, as true for purposes of a motion to dismiss. Accordingly, at the time the Complaint was filed, MERS had no interest in the Property.

Defendants interject, in passing, that the Estate Mary's Fancy Homeowners' Association[9] and tenants residing in the Property "have an interest in the property that will be prejudiced if they are not brought into the case." Mot. at 15. However, they provide no factual or legal support that these entities/individuals have any interest in the Property and why their joinder is required. A "Rule 12(b)(7) motion will not be granted because of a vague possibility that persons who are not parties may have an interest in the action. . . . This Court is not permitted to guess whether the [entities] are necessary parties here." *Indian Harbor Ins. Co. v. KB Lone Star, Inc.*, Civil Action No. H-11-CV-1846, 2012 WL 1038658, at *8 (S.D. Tex. Mar. 27, 2012) (quoting 5A Charles Alan Wright, *et al.,* Federal Practice and Procedure § 1359). Based upon the foregoing, the Court finds Defendants' entire indispensable parties argument unavailing.

### C. Additional Arguments

Defendants raise additional conclusory arguments, without necessary factual or legal support. They claim that the complaint fails because it "fails to allege that Cherie Curran was given any notice of the alleged default under the Note or the Mortgage." Mot. at 2. However, because Cherie Curran did not sign the Note, she was not legally obligated to pay the sums due under the Note. Compl. at para. 7. As a stranger to the document, she had no rights or obligations under it and was not due any notice of the default. The Mortgage, to which Defendant Cherie Curran is a party, requires her to pay sums due under

---

[9] Defendants refer to the homeowners' association as "Estate Mary's Fancy Homeowners' Association" in their motion, but as "Judith's Fancy Homeowner's Association" in their reply. *See* Rep. (ECF No. 28) at 9.

the Note. Compl. at 10. She received notice of her default as a "Borrower" under the Mortgage when Defendant Thomas Curran was notified.[10] The Mortgage specifically provides: "Notice to any one Borrower shall constitute notice to all Borrowers . . . ." Mortgage (Opp'n (ECF No. 20), Attachment #2) at 7, para. 15. *See, also, Flagstar Bank v. Stridiron*, 2013 WL 5941298, at *5 (D.V.I. Oct. 31, 2013). Thus, Defendant Cherie Curran received requisite notice.

Defendants mention that the "Validation of Debt Notice," dated January 9, 2013, attached to the Complaint, is not a notice of debt or default, did not precede the filing of the Complaint, was not served on Cherie Curran until she received it as part of the Complaint, and had not been served on Thomas Curran. Mot. at 2. The Court understands Defendants to claim that the "Validation of Debt Notice" was not a proper notice of debt or default. Defendants are correct, but this fact is not remotely relevant. As noted herein, the Complaint alleges that Plaintiff gave Thomas Curran notice of default by correspondence dated July 16, 2012. Compl. at para. 13. Moreover, the "Validation of Debt Notice" clearly states that it was filed "[i]n accordance with 15 U.S.C. § 1692e(11) . . . ," (ECF No. 1-1), a statute requiring, *inter alia*, that "debt collectors" must disclose that they are "attempting to collect a debt . . . ." 15 U.S.C. § 1692e(11).

---

[10] "Flagstar gave notice of default to [Thomas] Curran by correspondence dated July 16, 2012, and addressed to Curran at the addresses last given to Flagstar, which advised Curran that failure to cure the default would result in acceleration of the debt and foreclosure of the mortgage lien." Compl. at para. 13.

Finally, Defendants make a passing comment that the Complaint fails to allege the nature or type of their ownership of the Property. Mot. at 2. They cite no case law providing that such an allegation is necessary for inclusion in a debt and foreclosure complaint or that the absence of such an allegation is grounds for dismissal. The Complaint provides that Defendants own title to the Property by way of Quitclaim Deed and sets forth the date of the deed and where and when the Deed was recorded. Compl. at para. 6. Given that these allegations are taken as true, *Morrow,* 719 F.3d at 165, no additional allegations are necessary. Defendants' miscellaneous arguments provide no basis for dismissal of the Complaint.

### D. More Definitive Statement

In the alternative to dismissal, Defendants request a more definitive statement. Mot. at 15-16. Federal Rules of Civil Procedure Rule 12(e) provides: "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). *See, e.g., Wadhwa v. Secretary, Dep't of Veterans Affairs*, 505 F. App'x 209, 214 (3d Cir. 2012) (quoting *Schaedler v. Reading Eagle Publ'n, Inc.*, 370 F.2d 795, 798 (3d Cir. 1967)) (explaining that a motion for a more definite statement "'is directed to the rare case where because of the vagueness or ambiguity of the pleading the answering party will not be able to frame a responsive pleading'").

Defendants assert that, because the Note, Mortgage, and Assignment are not attached to the Complaint, a more definitive statement concerning the terms of those documents is required before they can respond. Mot. at 16. The Court finds, however, that the Complaint here is not "so vague or ambiguous" that Defendants "cannot reasonably prepare a response." *Wadhwa*, 505 F. App'x at 214. It clearly sets forth, in short and plain statements, the nature of the debt and foreclosure claims such that Defendants may prepare a response. Attaching the relevant documents to the Complaint is not required. For their part, Defendants cite no case law supporting their position that Plaintiff was required to attach these documents in order to state debt and foreclosure claims in the Virgin Islands or that the lack of such documents attached to the Complaint constitutes grounds for a more definite statement under Rule 12(e).

### III. **CONCLUSION**

Based upon the foregoing, the Court will deny Defendants' Motion to Dismiss, or[,] in the alternative, a More Definitive Statement (ECF No. 15) in its entirety. It also will deny as moot Thomas Curran's Motion to Dismiss (ECF No. 38).

An appropriate Order accompanies this Memorandum Opinion.

ENTER:

Dated: November 29, 2018  /s/ George W. Cannon, Jr.
GEORGE W. CANNON, JR.
MAGISTRATE JUDGE